## Brix v. McLean.

1. **Fraudulent Conveyance:** EVIDENCE ESTABLISHING. Upon consideration of the evidence, (not set out in the opinion,) *held* that certain conveyances of real estate, leaving the title in defendant, should be set aside, as having been made pursuant to a conspiracy to defraud the plaintiff.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to subject certain real estate to a judgment recovered by plaintiff againt D. G. McLean. There

was a decree in the court below granting the relief prayed for in plaintiff's petition.    Defendant appeals.

*E. P. Cadwell* and *Jacob Sims*, for appellant,

*Mayne & Hunter*, for appeallee.

BECK, CH. J.—The petition alleges that plaintiff and D. G. McLean, husband of the defendant, together purchased of one Bayliss certain real estate in Council Bluffs, under an agreement that the title should be conveyed to McLean, who should hold it in trust for himself and plaintiff, and when it should be sold the profits were to be divided between them; that they borrowed the money to pay for the property, and it was conveyed, under this agreement, to McLean, who subsequently conveyed it to Bayliss without consideration, who in a like manner conveyed it to defendant, and that plaintiff, being compelled to pay the money borrowed to purchase the property from Bayliss, advanced all the purchase money. The plaintiff charges that the conveyance of the property by McLean to Bayliss, and by Bayliss to defendant, was done in pursuance of a conspiracy to defraud plaintiff, and that defendant had notice of plaintiff's equities.    It is alleged and shown that plaintiff recovered in the court below, in an action wherein the property was attached, a judgment against McLean.

The case involves no other questions than those of facts. The evidence of plaintiff and his wife fully supports the allegations and claim of the petition.    On the other hand, the testimony of McLean, the defendant, and Bayliss denies the facts upon which plaintiff bases his right to recover.    They all unite in the statement that plaintiff had nothing whatever to do with the purchase of the property from Bayliss, and that McLean reconveyed it to Bayliss for the reason that he was unable to pay for it.    Defendant and Bayliss testify that defendant paid for the property when it was reconveyed to her.

The plaintiff and his wife are, in one or two points, corroborated by the testimony of another witness, who has no interest in the matter. The facts disclosed by the evidence of McLean, Bayliss and defendant give us an unfavorable impression of their practices, which tends to impair their credibility. Indeed, we cannot repress the belief that plaintiff is a victim of their fraudulent purposes. Much evidence was introduced by plaintiff, which is incompetent as being hearsay, or for other reasons; but it has not been considered in reaching the conclusion we adopt. In accord with our custom in such cases, we will not attempt to enter upon a discussion of the evidence. It is our opinion that the decree of the circuit court ought to be

AFFIRMED.